# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:24-cv-130-MOC

| | | |
|---|---|---|
| **ERRIE RAGIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SHEKINA LOCKWOOD,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I.    BACKGROUND

The pro se Plaintiff incarcerated Plaintiff filed this civil rights action addressing incidents that allegedly occurred at the Foothills Correctional Institution on an unspecified date. [Doc. 1]. He names as the sole Defendant Shekina Lockwood, a correctional officer at the Foothills CI.[1] The Plaintiff purports to bring this action Defendant Lockwood and "the state – N.C. Department of Adult Correction." [Id. at 1]. He claims that:

> … [Defendant Lockwood] unwilfully, unlawfully, feloniously assaulted [Plaintiff] with 'mace' for 'no reason,' [Plaintiff] was taken to restrictive housing without medical treatment now [he] ha[s] poor vision and mild headaches. [Plaintiff] was found guilty of the supporting charges or facts, But she did this harmful stuff to [Plaintiff]….
>
> They didn't take [Plaintiff] to medical and also put [him] in the hole where [he] could not call for help. [He] was in a lot of main and [he] needed 'Help' from staff or anyone…. Then she had [Plaintiff] put under investigation for some stuff [he] did <u>Not</u> do.

---

[1] The Plaintiff previously filed a strikingly similar lawsuit against Defendant Lockwood addressing incidents that allegedly occurred at the Marion CI. That case was dismissed with prejudice on initial review after the Plaintiff was granted the opportunity to amend, Case No. 1:23-cv-313-MR.

[Doc. 1 at 1-2] (errors uncorrected). The Plaintiff seeks: placement in minimum custody; Lockwood's removal from NCDAC prisons;[2] and $10,000 in damages for his own pain and suffering, and for the "hurts" suffered by his "love[d] ones and … children." [Id. at 2].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured

---

[2] The Plaintiff's request for employment action against Defendant Lockwood is beyond the purview of this § 1983 action. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Van Houten v. Gaskill, 05-3377-JAR, 2006 WL 749410 (D. Kan. March 22, 2006) ("whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court).

2

by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint purports to assert claims against "the State – N.C. Department of Adult Correction…," which is not named as a defendant in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure.  [See Doc. 1 at 1]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The claims against NCDAC are therefore nullities. Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Accordingly, the claims against NCDAC will be dismissed with prejudice.

Many of the allegations in the Complaint include vague terms and pronouns. [See, e.g., Doc. 1 at 2 (referring to "they" and "staff")]. These claims are too vague and conclusory to proceed because the Court is unable to determine the individuals to whom they refer.  See Fed. R. Civ. P.

3

8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Simpson v. Welch</u>, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); <u>Dickson v. Microsoft Corp.</u>, 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, these allegations are nullities insofar as they refer to individuals who are not named as defendants in the caption as discussed *supra*. <u>See</u> Fed. R. Civ. P. 10(a); <u>Myles</u>, 416 F.3d at 551; <u>Perez</u>, 2018 WL 4705560, at *1. The allegations that are too vague and conclusory to be attributed to the Defendant in this case are, therefore, dismissed without prejudice.

It also appears that the Plaintiff may be attempting to assert claims on behalf of others. [<u>See</u> Doc. 1 at 2 (referring to his "loved ones" and "children")]. As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. <u>See</u> <u>Myers v. Loudoun Cnty. Pub. Schls.</u>, 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); <u>Hummer v. Dalton</u>, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners"); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff has attempted to assert claims on behalf of others, they are dismissed.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a

4

subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

The Plaintiff appears to assert a claim for the use of excessive force against Defendant Lockwood in that she sprayed him with mace for "no reason," however, he also admits that he was found guilty of the "supporting charges." [Doc. 1 at 1-2]. These allegations are too vague, conclusory, and contradictory to state a plausible excessive force claim at this time. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff's excessive force claim is, therefore, dismissed without prejudice.[3]

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical

---

[3] It appears that the Plaintiff may be attempting to assert a claim for North Carolina assault for this incident. [Doc. 1 at 1 (referring to "felonious assault[]")]. The Court declines to exercise supplemental jurisdiction because the Plaintiff's § 1983 excessive force claim has not passed initial review. See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims"); see 28 U.S.C. § 1367(c)(3).

treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

The Plaintiff contends that he was taken to restrictive housing without first receiving medical treatment. However, he fails to attribute the lack of medical care to any personal action by Defendant Lockwood. [See Doc. 1 at 2 (referring to "they")]; see generally See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation) (citation omitted). Has he also failed to adequately allege that he had an objectively sufficiently serious medical need, or that Defendant Lockwood was subjectively deliberately indifferent. See, e.g., Moskos v. Hardee, 24 F.4th 289, 398 (4th Cir. 2022) (a short delay in decontamination without any aggravating factors does not satisfy the Eighth Amendment's objective prong). The Plaintiff's claim for deliberate indifference to a serious medical need is, therefore, dismissed without prejudice.

Finally, the Plaintiff appears to contend that Defendant Lockwood asserted a false disciplinary charge against him. [Doc. 1 at 2]. As a general rule, "a false disciplinary charge cannot serve as the basis for a constitutional claim." <u>Cole v. Holloway</u>, 631 F. App'x 185, 186 (4th Cir. 2016) (noting exceptions). The Plaintiff's vague and conclusory allegations in this regard are insufficient to state a plausible § 1983 claim and it is dismissed without prejudice.[4] <u>See</u> Fed. R. Civ. P. 8(a)(2); <u>Simpson</u>, 900 F.2d at 35; <u>Dickson</u>, 309 F.3d at 201-02.

## IV.     CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The claims against NCDAC are dismissed with prejudice and the remaining claims are dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

<u>**ORDER**</u>

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

2. The claims asserted against NCDAC are **DISMISSED WITH PREJUDICE** and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

---

[4] It is also unclear whether this claim is barred by <u>Heck v. Humphrey</u>. <u>See</u> 512 U.S. 477 (1994) (a claim is barred if success would necessarily imply the invalidity of a conviction and sentence that has not been reversed or otherwise invalidated); <u>see also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997) (extending <u>Heck</u> to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits).

3. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this action will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: June 26, 2024

Max O. Cogburn Jr.
United States District Judge